142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Allen Lee EARLE, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-2549.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 16, 1998.*
Decided March 24, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 96 C 989 John C. Shabaz, Chief Judge.
 Before Hon. Richard A. Posner, Hon. Walter J Cummings, Hon. Daniel A Manion, Circuit Judges.
 
 ORDER
 
 1
 Allen Earle appeals the district court's denial of his motion to vacate, 28 U.S.C. § 2255, in which he challenged his conviction on the ground that his attorney rendered ineffective assistance in violation of the Sixth Amendment Earle claims that he pleaded guilty based on his attorney's prediction that, based on his offense of conviction, his sentence would be within the 27-33 month range. Earle, however, is a career offender and thus his offense level and criminal history category were significantly higher than his attorney expected He was sentenced to 168 months' imprisonment. He argues that his attorney was incompetent for failing to discover and warn him of this sentencing threat. We affirm.
 
 
 2
 Pursuant to a written agreement, Earle pleaded guilty to one count of distributing cocaine, in violation of 21 U.S.C. 841(a) Earle acknowledged, by signing the plea agreement, that the government made no promises regarding his sentence and that the court was free to impose any sentence up to and including the maximum sentence of twenty years. At the change of plea hearing, the court advised Earle that the maximum possible sentence was twenty years, that the court would impose a sentence based on the recommendations contained in the presentence report, and that Earle would not be allowed to withdraw his plea if the sentence was higher than he expected. Earle said he understood, and that he was not pleading guilty based on any threats or promises not contained in the agreement.
 
 
 3
 Earle's presentence investigation report ("PSI") stated that Earle's sentencing range would be 27-33 months if based only on his offense conduct. However, the PSI classified Earle as a career offender and, therefore, recommended a sentencing range of 168-210 months. Earle objected to the career offender classification and filed a motion to withdraw his plea. The district court overruled the objection, denied the motion, and sentenced Earle as a career offender. On appeal, this court affirmed, among other things, the district court's denial of Earle's motion to withdraw his plea. United States v. Renteria, Nos 91-2481 and 91-2726 (7th Cir. July 8, 1992) (unpublished order).
 
 
 4
 In his § 2255 motion, Earle claims that his attorney's representation during the plea proceedings was subpar.[1] He asserts that competent counsel would have known that his prior convictions subjected him to the career offender classification. Earle submitted an affidavit from his attorney and notes his attorney kept about the plea negotiations to support his claim of deficient performance. In the affidavit his attorney states that, although he knew about the career offender guideline, he did not consider it relevant to Earle's sentencing calculation because he did not believe that Earle's burglary conviction constituted a violent offense subject to the career offender provision. Therefore, the attorney never discussed the career offender enhancement with Earle. The notes show that the attorney did not calculate Earle's sentence using the career offender provision. Earle also maintains that, absent his attorney's mistake, he would have insisted on going to trial.
 
 
 5
 A mistaken prediction as to the sentencing consequences of a guilty plea "is not enough in itself to show deficient performance, even when that mistake is great, as is the case when an attorney errs about whether his client will be classified as a career offender." United States v. Barnes, 83 F.3d 934, 940 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996). Rather, a defendant must show that "his attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in terms of the applicable legal principles and to discuss that analysis with him." Id. In other words, "[a]n attorney must render advice in a good-faith effort to further his client's interests, but the Constitution does not guarantee that the advice will be correct." United States v. Rice, 116 F.3d 267, 269 (7th Cir.1997).
 
 
 6
 We agree with the district court that Earle failed to establish that his attorney's investigation, analysis, and advice were not performed in good faith. Although it is clear that counsel was mistaken about the legal consequence of Earle's prior convictions, counsel's affidavit establishes that counsel knew about both the conviction and the career offender guideline. This puts to rest Earle's contention that counsel "completely missed the issue" and shows that counsel, in fact, discovered the facts and law relevant to Earle's sentence. As to counsel's erroneous analysis of the sentencing consequences of Earle's burglary conviction, the affidavit shows nothing more than that he made a mistake. Counsel believed that the burglary conviction did not constitute a crime of violence. Earle does not point to any evidence even suggesting that counsel's mistake was the result of an analysis undertaken in bad faith. Finally, given counsel's mistaken analysis, the decision not to discuss the career offender provision with Earle was entirely reasonable.
 
 
 7
 Earle's final contention is that the phrase "mistaken prediction" applies only when the attorney has, at the very least, presented the mistaken prediction to the client. Barnes, however, forecloses this argument. In Barnes the defendant, just like Earle, did not learn about the career offender provision until he received a copy of the PSI Barnes. 83 F.3d at 937. Obviously, Barnes' attorney did not relay his mistaken prediction to Barnes, yet we still held that the attorney's good-faith mistake did not constitute deficient performance Earle furnishes no reason to ignore or revisit this precedent.
 
 
 8
 Finally, we need not discuss whether the district court's admonition that Earle was subject to a maximum term of twenty years alleviated any prejudice resulting from counsel's faulty advice. Earle did not establish deficient performance on the part of his attorney and, therefore, the district court properly denied his § 2255 motion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Internal Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 For the first time on appeal, the government argues that Earle procedurally defaulted his ineffective assistance claim. We need not decide whether the government has waived this argument because, as Earle responds, his claim "relies on evidence outside the original record.... Thus, his failure to raise the issue on direct appeal does not prevent him from raising it in his § 2255 petition." See Daniels v. United States, 54 F.3d 290, 293 n. 5 (7th Cir.1995)