In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 02-4177

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ELISHA RAWLINGS,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:01 CR 180—**Rudy Lozano**, *Judge.*

---

ARGUED MAY 14, 2003—DECIDED SEPTEMBER 3, 2003

---

Before POSNER, RIPPLE, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant was convicted by a jury of conspiracy to commit an armed bank robbery and of being a felon in possession of a gun, but was acquitted of bank robbery and of using or carrying a gun in the commission of an offense. He received consecutive sentences of 60 and 84 months, respectively, on the two counts of which he was convicted. His appeal challenges one of the convictions, that of being a felon in possession.

He had driven his three coconspirators to an alley next to the bank, and had parked and remained in the car while they robbed the bank. Just before leaving the car, two

of the coconspirators had drawn and displayed pistols to each other, which the defendant saw. There is no evidence that until then the defendant, who had no gun himself, had been aware that any of his coconspirators was armed. After robbing the bank they rejoined the defendant in his car and he drove away. The police pursued the car and either the defendant or the other unarmed coconspirator urged the two armed coconspirators to toss their guns out of the car, and they did so, though reluctantly.

This was the entire evidence that Rawlings possessed a firearm. No instruction was given regarding the meaning of "possession," except that it had to be knowing. Both parties had prepared and submitted to the judge instructions on constructive possession, but neither instruction was given, apparently through inadvertence.

"Possession," a concept much elaborated since its introduction into Western law by the Romans, has never just meant clasping something in your hands. The owner of an automobile possesses it even when it is parked in a garage and he is miles away. A tenant possesses the apartment he has rented even when he is away on a trip. A thief has custody of the goods he steals, but the owner retains possession. (That is, the thief does not have the *rights* of a possessor; he still has the liabilities, for example as a felon in possession under the test, set forth below, that the courts use for determining guilt of that crime.) To decide whether a person who has a felony record possesses a gun, therefore, it is not enough to ask whether the gun is in his hand or his pocket or even under his pillow or in his desk drawer. Had Rawlings said to one of his coconspirators— "You hold this gun that I've bought but never touched, because I'm a felon and I don't want to be charged with being a felon in possession, if we are caught"—this would not negate his possession of it.

To fix the outer limits of the concept of possession in the criminal law, courts employ the notion of "constructive possession," accurately defined in the defendant's proposed instruction that was not given as one's having (and knowing one has) "the power and the intention at a given time to exercise dominion and control over the firearm, either directly or through others." See, e.g., *United States v. Thomas*, 321 F.3d 627, 636 (7th Cir. 2003); *United States v. Phillips*, 239 F.3d 829, 847 (7th Cir. 2001); *United States v. Hardin*, 248 F.3d 489, 498 (6th Cir. 2001). (What "dominion" adds to "control," especially indirect control, is unclear; probably it adds nothing.) Thus a drug lord who directs his enforcers to arm themselves is, if they do so, a constructive possessor of the arms. *United States v. Lloyd*, 71 F.3d 1256, 1267 (7th Cir. 1995); *United States v. McAnderson*, 914 F.2d 934, 948 (7th Cir. 1990); *United States v. Dhinsa*, 243 F.3d 635, 677 (2d Cir. 2001); cf. *United States v. Wight*, 968 F.2d 1393, 1398 (1st Cir. 1992). He is acting through agents, just as in the case we put of the felon who asks his companion to hold his gun for him. We can tie these cases to the underlying statutory purpose of felon-in-possession laws by noticing that the felon is no less danger-ous when he arms his associates in a criminal endeavor than when he arms himself. Alternatively these could be considered cases of joint possession, which is normal-ly treated as a subset of constructive possession, *United States v. Tirrell*, 120 F.3d 670, 675-76 (7th Cir. 1997); *United States v. Sianis*, 275 F.3d 731, 733 (8th Cir. 2002), though it would be actual rather than constructive if, for example, two gangsters were acting as the crew of a machine gun operated by a loader and a firer.

The government asks us to take a step beyond the de-cided cases. Rawlings was convicted of conspiracy to com-mit armed bank robbery, which means that the jury found (as the evidence showed) that he learned before the robbery

took place that it would be an armed robbery (because he saw two of his coconspirators brandishing guns), yet he made no effort to dissociate himself from the scheme. It makes no difference whether, as he contends, he did not know that his companions were going to rob the bank, or use guns in the robbery, until he drove to the alley. That is, it does not matter, so far as his guilt of conspiracy to commit *armed* bank robbery is concerned, whether the use of guns was either explicitly or foreseeably a part of the original conspiracy that he joined, or whether he agreed in effect to a "modification" of the original agreement (to use the language of contract law—but a conspiracy is an illegal contract, so contract analogies are appropriate) to make it an armed rather than an unarmed robbery. Cf. *United States v. Gomez-Pabon*, 911 F.2d 847, 860-61 (1st Cir. 1990) (finding that a single conspiracy existed when the alleged second conspiracy was merely a modification of the first); compare *United States v. Gonzales*, 65 F.3d 814, 823 (10th Cir. 1995), vacated on other grounds, 520 U.S. 1 (1997) (holding that the defendant "should not be held accountable when his co-conspirators substantially altered the agreed-upon plan without his knowledge or acquiescence"); *United States v. Melton*, 131 F.3d 1400, 1405 (7th Cir. 1997) (same).

As the driver of the getaway car, Rawlings was a full-fledged member of the conspiracy. *United States v. Wilkins*, 659 F.2d 769, 773 (7th Cir. 1981); *United States v. James*, 998 F.2d 74, 80 (2d Cir. 1993). But he was neither its leader nor the supplier of the guns, and so his relation to the guns does not satisfy the test for constructive possession, which requires power to control. *United States v. Moore*, 936 F.2d 1508, 1512-13, 1525-26 (7th Cir. 1991), though similar, is distinguishable. We held that the getaway driver in that case constructively possessed a gun used in the armed robbery of a post office and a liquor store—but he was much

more than the getaway driver. He was in the post office when the robbery of that facility took place, he jumped over the counter and grabbed a postal money order, proceeds of both robberies were found in his car, he was one of only two conspirators in the robberies, and he gave a signal to his coconspirator that it was time to rob the liquor store. It was an allowable stretch to treat him as if he had directed the use of the gun. But it is as far as the law will stretch, and that is not far enough to convict the defendant in this case. Rawlings played no role in procuring the guns and he had no authority, under the informal rules or norms of his criminal partnership, to prevent his coconspirators from carrying guns.

The defendant's success in persuading them to discard their guns during the chase couldn't fill the gap even if the record weren't insolubly ambiguous as to whether it *was* Rawlings, rather than the other unarmed conspirator, who told the other conspirators to discard the guns. A tenant does not "persuade" an unwanted guest to leave his house; he orders him to leave. Persuasion is how you try to influence people in matters that you do *not* have power over. Even more far-fetched is the government's argument that by transporting his armed coconspirators and thus the guns, the defendant possessed the guns. If you give a lift to a policeman, you do not possess his gun during the time in which he is in your car.

If applicable, the *Pinkerton* doctrine, which makes a conspirator liable for any foreseeable crimes committed by his fellow conspirators during and in furtherance of the conspiracy, would enable the government to tack the coconspirators' possession onto the defendant's felony record. *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946); *United States v. Edwards*, 36 F.3d 639, 644 (7th Cir. 1994). But as we explained in *United States v. Walls*, 225 F.3d 858, 864-

66 (7th Cir. 2000), *Pinkerton* ascribes the *crimes* of coconspirators to each other, not a conspirator's *acts* that when combined with the acts of another conspirator might add up to a crime. This would be obvious if the defendant's coconspirators had been charged with being felons in possession on the basis of *their* possession and *Rawlings's* felony record. It is true that the armed coconspirators probably *were* felons in possession; they were indicted for that crime. But the charge was dropped when they pleaded guilty to the more serious charge of armed bank robbery, and the government made no effort to prove in our case that they were felons in possession. Compare *United States v. Sandoval-Curiel*, 50 F.3d 1389, 1392 (7th Cir. 1995); *United States v. Diaz*, 864 F.2d 544, 545-49 (7th Cir. 1988).

In closing, we wish to express our dismay that the jury was asked to convict the defendant of being a felon in possession of a gun without being told what "possession" in the law means. The problem was not that the jurors were not told that possession can be "constructive" as well as actual; this usage of "constructive" is one that only a lawyer would find intelligible, at least without a great deal of explanation. The problem is that the jurors were not told what the legal meaning of "possession" is, and hence were not told that possession involves either physical control or the power to exercise physical control. They were left to wander about in the dark. This doesn't matter to the appeal, however, since the judgment of conviction of being a felon in possession must be reversed on the distinct ground that it is not supported by the evidence. The defendant is entitled to be resentenced on the other charge, that of armed bank robbery, since that sentence may have been influenced by the sentencing judge's erroneous belief that the defendant was a felon in possession.

REVERSED AND REMANDED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*