**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry M. KENNEDY, Defendant–**
**Appellant.**

No. 03–6002.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2004.

Camille R. McMullen, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Stephen B. Shankman, Fed. Public Defender, Office of the Federal Public Defender,Memphis, TN, for Defendant–Appellant.

Jerry M. Kennedy, Terre Haute, IN, pro se.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

### ORDER

Jerry M. Kennedy, a federal prisoner, appeals his conviction for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). Both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kennedy was charged in a one-count indictment with possessing a Taurus .45 caliber semi-automatic pistol as a convicted felon. At trial, the prosecution presented evidence that Kennedy had thrown the pistol onto the roof of a restaurant while being chased around the building by a police officer (Officer Anderson). Kennedy took the stand in his own defense, denied that any chase occurred, and stated that he had been taken into custody immediately after exiting the restaurant. The jury resolved the contradictory testimony in favor of the government and convicted Kennedy as charged on April 17, 2003. Kennedy thereafter was sentenced to 120 months in prison and 3 years of supervised release. Judgment was entered July 23, 2003.

Kennedy argues that the government failed to prove beyond a reasonable doubt that he had knowingly possessed a firearm because the evidence presented no more than a choice between reasonable inferences of fact. *See United States v. Leal,* 75 F.3d 219, 223 (6th Cir.1996).

Kennedy's argument lacks merit. When considering whether a conviction is supported by sufficient evidence, this court reviews the evidence and all reasonable inferences in a light most favorable to the government. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence is sufficient to support a conviction if any rational trier of fact would accept the evidence as establishing each essential element of the crime. *Id.* at 324, 99 S.Ct. 2781. "Circumstantial evidence may be sufficient to support a conviction and need not remove every reasonable hypothesis of innocence." *United States v. Seaton,* 45 F.3d 108, 110 (6th Cir.1995) (citing *United States v. Stone,* 748 F.2d 361, 362 (6th Cir.1984)). This court refrains from independently judging the weight of the evidence and assessing the credibility of witnesses. *United States v. Wells,* 211 F.3d 988, 1000 (6th Cir.2000); *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995).

Kennedy's reliance upon *Leal* is misplaced. In *Leal,* a panel of this court relied on *United States v. Leon,* 534 F.2d 667 (6th Cir.1976), to determine whether the circumstantial evidence adduced at trial was sufficient to support the conviction. In *Leon,* this court reversed a conviction because there was no direct evidence of the defendant's guilt, and the conviction was supported only by circumstantial evidence from which one could infer either facts tending to prove the defendant's guilt or facts tending to prove his innocence. 534 F.2d at 677. Shortly after *Leal* was issued, however, this court held that *Leon* was no longer good law because it conflicted with *Jackson's* requirement that the evidence and all reasonable inferences must be reviewed in a light most favorable to the government. *United States v. Ellerbee,* 73 F.3d 105, 107 (6th Cir.1996); *see also United States v. Griffin,* Nos. 96–2300/2310, 1999 WL 71602, at *5 (6th Cir.

Jan.22, 1999) (unpublished). Thus, *Leal* also is not good law.

Furthermore, when viewing the evidence in a light most favorable to the government, the evidence shows that Kennedy knowingly possessed the firearm. Witnesses testified that a chase occurred, an object was thrown onto the roof, and a pistol was retrieved. Kennedy himself signed a statement, admitting that he was running with a gun. The jury was entitled to reject all testimony to the contrary at trial and this court will not disturb that decision when analyzing a challenge to the sufficiency of the evidence.

Accordingly, the district court's judgment is affirmed.