File Name: 08a0661n.06

Filed: November 3, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-5998

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

United States of America,

    Plaintiff-Appellee,

v.

Jamal Williams,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

_____/

Before:    MARTIN, BATCHELDER, and DAUGHTREY, Circuit Judges.

**BOYCE F. MARTIN, JR., Circuit Judge.** Jamal Williams appeals his conviction as a felon-in-possession of a firearm. 18 U.S.C. § 922(g)(1). Williams argues that the evidence submitted at trial was insufficient to prove that he "possessed" a gun. We disagree and affirm his conviction.

I.

On August 3, 2008, officer Scott Chambers stopped a "bob" truck for a malfunctioning brake light. Defendant Williams was driving, with Eric Green as passenger. Officer Chambers processed their information and learned that both had warrants outstanding. Chambers removed Williams from the truck and a narcotics dog indicated the presence of drugs inside the car; a search revealed marijuana. Another officer, Grimes, soon arrived. With Williams in custody, Grimes searched the truck and found a handgun behind the passenger's seat along with various tools in the back.

Williams was carrying roughly three-hundred dollars when arrested. The officers read Williams his *Miranda* rights and he signed a waiver form and gave a statement. Officer Grimes testified that the rights waiver form had preprinted questions that officers typically asked and that he wrote out Williams's answers. Williams, in response to questioning, told the officers that the gun belonged to his girlfriend, Tanya Hayes.

From this point, the parties dispute the facts. At trial, Officer Grimes testified that, when asked why he was carrying the firearm, Williams said only: "protection." Grimes also admitted that he did not check any records or talk to Tanya Hayes about the gun, but denied that Williams stated that Hayes had paid around two-hundred dollars for it, that she purchased it for her protection, or that he did not know it was in the truck. But another officer, Samuel Jones, testified that he remembered Williams stating that Hayes had purchased the gun and that Williams believed that she had paid around two-hundred dollars for it. Hayes also testified. She stated that the gun was hers, that she had been driving the bob truck early that morning and had left the gun in it, and that she failed to tell Williams this. She stated that her reason for abruptly departing without her gun was that she had received a call from her daughter's preschool that her daughter was sick, and she left in a different vehicle to attend to her. But the government called the preschool's director to testify, and she testified that the preschool did not open for the year until August 9th, six days after Williams's arrest.

After a four day trial a jury found Williams guilty of possession of marijuana and being a felon-in-possession of a firearm. In July 2006 the district court entered a judgment sentencing the defendant to twelve months in prison for the marijuana possession charge and fifty-one months for

the felon-in-possession charge, with the sentences running concurrently. Williams timely appealed his conviction as a felon-in-possession of a firearm.

## II.

In a sufficiency-of-evidence challenge, the "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A conviction may be reversed for insufficient evidence only if, "viewing the record as a whole, the judgment is not supported by substantial and competent evidence." *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991). Though the evidence may be "wholly circumstantial," *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984), "substantial evidence" is defined as "more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *United States v. Grubbs*, 506 F.3d 434, 442 (6th Cir. 2007) (quotations omitted).

## III.

The government must prove three elements beyond a reasonable doubt to convict someone for being a felon-in-possession of a firearm: (1) the defendant had a previous felony conviction, (2) the defendant knowingly possessed the firearm, and (3) the firearm traveled in or affected interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Kindcaid*, 145 F.3d 771, 782 (6th Cir. 1998). The parties stipulated to the first element and the third was undisputed at trial, so the question is whether sufficient evidence supports the jury verdict that Williams "possessed" the gun.

Possession under § 922(g)(1) may be either "actual" or "constructive." Actual possession requires that the defendant have "immediate possession or control" of the firearm, but "[c]onstructive possession exists when a person does not have possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973).[1] Although constructive possession may be proven if the defendant merely had "dominion over the premises where the firearm is located," *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007), "[p]resence alone near a gun . . . does not show the requisite knowledge, power, or intention to exercise control over the gun to prove constructive possession." *United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007) (quotations omitted). Thus, "other incriminating evidence, coupled with presence, is needed to tip the scale." *Grubbs*, 506 F.3d at 443 (quotations omitted).

These requirements give effect to the purposes behind felon-in-possession laws: "[A] felon is no less dangerous when he arms his associates in a criminal endeavor than when he arms himself." *Rawlings*, 341 F.3d at 659 ("Had [the defendant] said to one of his co-conspirators – 'You hold this gun that I've bought but never touched, because I'm a felon and I don't want to be charged with being a felon in possession, if we are caught' – this would not negate his possession of it."). And "intention . . . to exercise . . . control" over a firearm sweeps in situations where a felon, without directly coming into contact with a gun, keeps one close at hand for possible future use. *Cf. Muscarello v. United States*, 524 U.S. 125 (1998) (concluding that phrase "carries a firearm" "during

---

[1]"What 'dominion' adds to 'control,' especially indirect control, is unclear; probably it adds nothing." *United States v. Rawlings*, 341 F.3d 657, 659 (7th Cir. 2003).

or in relation to" a "drug trafficking crime" encompasses person who knowingly keeps a firearm in his vehicle's locked glove box).

Here, Williams says that the evidence was insufficient for any rational trier of fact to conclude that he possessed the gun found in the car he was driving.[2] Williams relies on *United States v. Leal*, 75 F.3d 219, 223 (6th Cir. 1996), to assert that Hayes's testimony threw the case into doubt such that "the circumstantial evidence supports no more than a choice between reasonable inferences of fact," and thus the prosecution could not have proven its case beyond a reasonable doubt. Although there is some debate about whether *Leal* is still good law, *see United States v. Kennedy*, 107 Fed.App'x. 518, 519-20 (6th Cir. 2004), that does not matter because this case does not present one of the "toss up" situations the *Leal* Court contemplated.

Hayes testified that she placed the gun in the truck that morning and had not told Williams about it because she had forgotten about it and had abruptly dropped the truck off after receiving a call from her daughter's preschool stating that her daughter was sick. Although plausible, her story was significantly undermined when Dianne Brown, the preschool's director, testified that it did not open until a week after it had supposedly called Hayes. Hayes also stated that she owned the gun and had purchased it for her protection alone. This was supposed to help absolve Williams of the natural implication of his response that he had the gun for "protection" – that he had the gun with him for *his* protection. But the record and the testimony at trial does not indicate that Williams put

---

[2]Williams does not rely on the testimony of the passenger, Eric Green, who was not credible. Although Green testified that he had been with Williams the entire day and had not seen a gun, he also stated that the marijuana that was found in the truck was his – a statement directly contrary to what he had told a grand jury. He later admitted lying to the grand jury, so the court appointed him a lawyer and he withdrew much of his testimony and asserted his Fifth Amendment rights against further questions.

any such limit on his answer, and it was not unreasonable for the jury to disbelieve Hayes and find that Williams knowingly possessed the gun. Indeed, he was traveling in a dangerous neighborhood in a company car with drugs, cash, and equipment. Finally, the fact that the gun contained no fingerprints at all does not help or hurt Williams: if his fingerprints were on the gun, that would have hurt, and if someone else's had been on the gun, that would have helped. Instead, there were none at all.

In the end, Williams's argument really amounts to no more than the claim that the government's case against him was entirely circumstantial. Yet a jury may infer guilt solely upon circumstantial evidence. So we cannot say that "after viewing the evidence in the light most favorable to the prosecution," no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

IV

For the above reasons, we AFFIRM Williams's conviction.