In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 13-3467

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES NEWMAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 12-cr-105-wmc — **William M. Conley**, *Chief Judge.*

_____

ARGUED MARCH 5, 2014 — DECIDED JUNE 17, 2014

_____

Before EASTERBROOK, MANION, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* James Newman pleaded guilty to possessing a shotgun, despite a record of convictions that made it illegal for him to possess firearms. 18 U.S.C. §922(g)(1). After changing lawyers, he moved to withdraw the plea, asserting that the record does not establish a factual basis for it. The district court denied that motion and sentenced him to 120 months' imprisonment.

Newman and James Misleveck escaped from Black River Correctional Center in Wisconsin. Misleveck soon stole a shotgun and ammunition. Newman and Misleveck then co-operatively stole a car and kidnapped its driver. Newman approached the driver and asked for a cigarette; while she was distracted, Misleveck approached her from behind, pointed the shotgun at her, and ordered her to get into the rear seat. Newman kept control of the victim for five hours while Misleveck drove. The pair released her and stole a pickup truck. Pursued by police, they abandoned both the truck and the shotgun before escaping on foot. They made it to Florida before being caught. We shall assume that Newman never touched the shotgun—although the kidnap victim once stated that Newman held the gun while Misleveck was driving, Newman maintains otherwise and the Rule 11 colloquy did not address this subject.

Newman and Misleveck were prosecuted in state court for escape, kidnapping, armed robbery, and other crimes. The sole federal charge was possessing the shotgun. Both pleaded guilty. Misleveck appealed his sentence, which we affirmed. *United States v. Misleveck*, 735 F.3d 983 (7th Cir. 2013). Newman appeals his conviction but does not contest his sentence. He contends that the judge should have allowed him to withdraw the plea under Fed. R. Crim. P. 11(d)(2)(B), which provides that a "fair and just reason" supports withdrawal. Newman says that he is innocent—which if true is a compelling reason to withdraw a plea. *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). But the judge thought Newman's guilt established, and appellate review of a decision under Rule 11(d)(2)(B) is deferential. See *United States v. Alcala*, 678 F.3d 574, 577 (7th Cir. 2012).

Reduced to its essentials, Newman's argument is that when entering the plea he believed erroneously that simply being in the presence of a person with a gun equals constructive possession of that gun. Newman asserts that the statements during the Rule 11 colloquy could not support the plea on any basis other than constructive possession. We grant his premise: Keeping company with someone who carries a gun does not automatically demonstrate possession. Actual possession means physical control, and constructive possession means the *authority* to exercise control. See *United States v. Rawlings*, 341 F.3d 657 (7th Cir. 2003); *United States v. Brown*, 724 F.3d 801 (7th Cir. 2013). If Misleveck was holding the shotgun as Newman's delegate, or if they controlled it jointly and Misleveck would have handed it to Newman on request, then Newman had constructive possession; otherwise not. The prosecutor contends that the facts adduced during the Rule 11 colloquy support an inference that Newman and Misleveck jointly controlled the shotgun. Maybe so, but we need not decide.

The events that Newman related when pleading guilty show that he and Misleveck undertook joint criminal activity—carjacking and flight to avoid capture, among other crimes—and worked together from the moment of their escape (perhaps earlier) until their capture. In other words, they engaged in a conspiracy. Every conspirator is liable for acts of other conspirators within the scope of the agreement. See *Pinkerton v. United States*, 328 U.S. 640 (1946).

Each conspirator acts as agent of the others during their joint criminal activity. Misleveck used the shotgun to advance the joint venture of fleeing—and Newman, well aware of this, remained Misleveck's confederate without trying to

withdraw. So Misleveck's possession is imputed to New-man, which supplies ample basis for the plea. A person may plead guilty without understanding the details of the legal theory that supports the conviction. Cf. *United States v. Rice*, 116 F.3d 267, 268 (7th Cir. 1997). Newman's imprecise view of constructive possession does not spoil his plea, because what Newman called constructive possession we call the lia-bility of co-conspirators. The effect is the same. Attribution under a *Pinkerton* theory does not depend on a formal charge of conspiracy. *United States v. Macey*, 8 F.3d 462, 468 (7th Cir. 1993). Agency is what supports mutual culpability.

There's another way to see this. Suppose Misleveck alone possessed the gun. In doing so he, being a felon, committed the felon-in-possession crime. Newman aided that offense by associating with Misleveck in a criminal venture and helping to advance its success. See, e.g., *Rosemond v. United States*, 134 S. Ct. 1240 (2014). A person who aids or abets the commission of a crime is liable as a principal. 18 U.S.C. §2. And an indictment need not charge the §2 offense separate-ly. Aiding or abetting is a proper basis of conviction in every prosecution. See *United States v. Moore*, 936 F.2d 1508, 1525–28 (7th Cir. 1991) (applying this principle to affirm a convic-tion under §922(g)(1)).

The Supreme Court concluded in *Rosemond* that a person aids or abets a firearms crime when he participates in joint criminal activity, seeks to promote its objective, and knows that a confederate has a gun, in time to "do something with [that knowledge]—most notably, opt to walk away." 134 S. Ct. at 1249–50. Newman knew that Misleveck had and was wielding a gun, and he had plenty of time to walk away. In-stead he maintained the cooperative venture. Under *Rose-*

*mond*, Newman is liable to the same extent as Misleveck. In both *Rosemond* and *Rawlings* a confederate pulled a gun unexpectedly, leaving other participants without an opportunity to drop out of the venture. Here, by contrast, Newman continued to cooperate with Misleveck long after learning that he had and was using a shotgun.

Newman maintains that *Pinkerton* never supports criminal liability in a prosecution under §922(g)(1). Some language in *United States v. Walls*, 225 F.3d 858 (7th Cir. 2000), supports that position, but it is not what *Walls* held. *Rawlings* describes *Walls* this way: "*Pinkerton* ascribes the *crimes* of co-conspirators to each other, not a conspirator's *acts* that when combined with the acts of another conspirator might add up to a crime." 341 F.3d at 660 (emphasis in original). The panel in *Walls* was concerned about the possibility that Conspirator A might possess a gun—lawfully because A had a clean record—while Conspirator B, who had a felony record, performed other acts having nothing to do with weapons. The panel thought that it would be "ridiculous" (225 F.3d at 866) to conclude that A, who lacked a felony conviction, had committed the felon-in-possession offense. That approach does not help Newman. *Both* Newman and Misleveck had felony convictions before their cooperative venture started. Misleveck unquestionably committed the felon-in-possession crime, which per *Rawlings* can be imputed to his confederate Newman.

Having said this, we confess to some doubt about the statements in *Walls* and *Rawlings* that *Pinkerton* is limited to attribution of completed crimes. The Supreme Court's opinion in *Pinkerton* does not easily submit to such an interpretation. The Court thought it

settled that "an overt act of one partner may be the act of all without any new agreement specifically directed to that act." *United States v. Kissel*, 218 U.S. 601, 608. … A scheme to use the mails to defraud, which is joined in by more than one person, is a conspiracy. *Cochran v. United States*, 41 F.2d 193, 199-200. Yet all members are responsible, though only one did the mailing. [Citations omitted.] The governing principle is the same when the substantive offense is committed by one of the conspirators in furtherance of the unlawful project. *Johnson v. United States*, 62 F.2d 32, 34. The criminal intent to do the act is established by the formation of the conspiracy. Each conspirator instigated the commission of the crime. The unlawful agreement contemplated precisely what was done. It was formed for the purpose. The act done was in execution of the enterprise. The rule which holds responsible one who counsels, procures, or commands another to commit a crime is founded on the same principle. That principle is recognized in the law of conspiracy when the overt act of one partner in crime is attributable to all.

328 U.S. at 646–47. This passage attributes *acts* from one conspirator to another, not just completed crimes—as the discussion of mail fraud shows.

*Walls* rests on a belief that federal law never allows a conviction based on a combination of elements. It would be "ridiculous," *Walls* stated, to hold that if Conspirator A commits Element X, and Conspirator B commits Element Y, then both are guilty when neither of them committed a whole crime. Yet that's what the mail fraud example in *Pinkerton* entailed. And *Rosemond* reiterates that conclusion. The Court observed that aiding-and-abetting convictions are proper even though each participant commits a subset of the crime's elements—indeed, even though it would have been impossible for some participants to have committed some elements. The Court cited *Pereira v. United States*, 347 U.S. 1, 8–11 (1954), and could have added *Standefer v. United States*,

447 U.S. 10 (1980); and *United States v. Pino-Perez*, 870 F.2d 1230 (7th Cir. 1989) (en banc). It continued: "The division of labor between two (or more) confederates thus has no significance: A strategy of 'you take that element, I'll take this one' would free neither party from liability." 134 S. Ct. at 1247 & n.6. It is hard to see why conspirators' liability should be treated differently; *Pinkerton* treats the two as sharing the same rules of attribution and culpability.

Because Misleveck committed all of the elements necessary to a felon-in-possession conviction, attribution is proper to his co-conspirator Newman under the approach we took in *Walls* and *Rawlings*. The rationale of those cases may need further consideration in light of *Rosemond*. That can be deferred to a case in which a conviction depends on combining different elements committed by different confederates.

AFFIRMED