**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4371**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ADONTE YOUNG,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00228-FDW-4)

—————————

Submitted: January 23, 2015        Decided: January 29, 2015

—————————

Before MOTZ and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adonte Young appeals his conviction and the 120-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to discharging a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012). Young's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Young's guilty plea was supported by an adequate factual basis. After careful review of the record, we affirm.

Prior to accepting a guilty plea, the plea court must conduct a colloquy in which it informs the defendant of, and determines he understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary; did not result from force, threats, or promises not contained in the plea agreement; and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (b)(3); DeFusco, 949 F.2d at 119-20. Because Young did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, the plea colloquy is

2

reviewed for plain error.  United States v. General, 278 F.3d 389, 393 (4th Cir. 2002).

The magistrate judge conducted a thorough plea colloquy, satisfying the requirements of Rule 11 and ensuring that Young's plea was knowingly and voluntary.  See DeFusco, 949 F.2d at 116.  Counsel questions, however, whether Young's guilty plea was supported by an adequate and independent factual basis. The court possesses wide discretion in determining the factual basis and may rely on anything appearing in the record.  United States v. Ketchum, 550 F.3d 363, 366-67 (4th Cir. 2008).  The court need only be "subjectively satisfied" that the factual basis is sufficient to establish each element of the offense. Id. at 366.  "The district court must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty."  United States v. Carr, 271 F.3d 172, 178-79 n.6 (4th Cir. 2001) (internal quotation marks omitted).

We have reviewed the record in accordance with Anders and discern no plain error.  To establish the aiding and abetting of a § 924(c) violation, the Government "makes its case by proving that the defendant actively participated in the underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission."  Rosemund v. United States, 134 S. Ct. 1240, 1243

3

(2014); see also United States v. Newman, 755 F.3d 543, 546 (7th Cir. 2014) ("[A] person aids or abets a firearms crime when he participates in joint criminal activity, seeks to promote its objective, and knows that a confederate has a gun, in time to do something with that knowledge — most notably, opt to walk away." (internal quotation marks and alteration omitted)). Here, Young and a codefendant entered a bank, demanded money from a teller at gunpoint, received almost $10,000 in cash, and fired two rounds as they departed. Although he denied firing the shots, Young admitted he gave the codefendant the gun. Additionally, Young's DNA was found on the firearm when it was recovered following the robbery. The district court thus did not err in finding a factual basis for the offense.

In accordance with Anders, we have reviewed the presentence report and the sentencing transcript and have found no potentially meritorious issues. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Young, in writing, of the right to petition the Supreme Court of the United States for further review. If Young requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Young.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED