**Carlos CRUZ–TORO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 08–1603 (FAB).**

United States District Court, D. Puerto Rico.

April 20, 2009.

---

Carlos Cruz–Toro, Coleman, FL, pro se.

Nelson J. Perez–Sosa, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Respondent.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

A district court may refer pending dispositive motions to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within ten days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R.2005)(*citing United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a), (b)(1). *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (*citing Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–126 (D.R.I.2004)).

On September 16, 2008, the United States magistrate judge issued a Report and Recommendation in this case, recommending that Petitioner Carlos Cruz–Toro's motion pursuant to 28 U.S.C. § 2255 for post-conviction relief be **DENIED.** (Docket No. 6)

The Court has made an independent examination of the record in this case, including petitioner's objection to the Report and Recommendation (Docket No. 8), and **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court.

Accordingly, petitioner's motion pursuant to 28 U.S.C. § 2255 for post-conviction relief is **DENIED.**

Judgment shall be issued denying petitioner's motion pursuant to 28 U.S.C. § 2255 for post-conviction relief and dismissing this case.

**IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

Above Petitioner Carlos Cruz–Toro (hereinafter "petitioner Cruz–Toro") was convicted for a one count Indictment of a carjacking offense under Title 18, *United States Code,* Section 2119(2) wherein by violence and intimidation, brandishing a knife, and stabbing the victim three times in the neck area, which resulted in serious bodily injury, Cruz–Toro took a motor vehicle which had been transported in interstate or foreign commerce. (Criminal No. 365, Docket No. 8).

The plea agreement and the proceedings under Rule 11 show that, upon petitioner Cruz–Toro's written agreement with the government, he entered a guilty plea to Count One of the Indictment. (Criminal No. 05–365, Docket No. 21). The government therein agreed with petitioner to recommend a sentence of imprisonment of one hundred and fifty (151) months.

The sentencing court considering the nature and circumstances of the offense, its violent nature, and the history and characteristics of petitioner, determined as appropriate and reasonable, a non-guideline sentence. Making specific findings showing a lack of sensitivity and compassion for the victim, the Court sentenced petitioner Cruz–Toro, after the victim's allocution, to a term of three hundred months (300) of incarceration, which was within the maximum statutory sentence, and five (5) years of supervised release.

The record shows petitioner Cruz–Toro appealed the imposition of his sentence arguing the sentencing court did not provide him with an adequate explanation of its reasons for imposing the statutory maximum sentence. The judgment and sentence were affirmed by the Court of Appeals for the First Circuit with an explanation that the circumstances of the offense provided an adequate explanation of a major variance to justify the same, which were considered obvious from the record. *See United States v. Carlos Cruz–Toro,* slip op. No. 06–1847 (1st Cir., May 30, 2007).

Petitioner has filed a motion and affidavit in support of a Title 28, *United States Code,* Section 2255 petition seeking to vacate his conviction and sentence after having entered a guilty plea. (Docket No. 1). Petitioner Cruz–Toro submits in his § 2255 petition ineffective assistance of counsel for his counsel having allowed the government's breach of the plea agreement in regards to the sentence he received, which was greater than the one he expected under the written plea. In addition, petitioner is now presenting, although

drafted as ineffective assistance for counsel for failure to object, the same contentions he raised on direct appeal in regards with the extent of the sentence the Court imposed. On a similar vein, petitioner Cruz–Toro avers his guilty plea was not knowing and voluntary because, if he would have known the sentence to be imposed was going to be of three (300) hundred months, he would not have pleaded guilty.

The government filed a response to this post-conviction petition. (Civil No. 08–1603, Docket No. 3). Thereafter, the Section 2255 petition was referred to this Magistrate Judge for report and recommendation. (Id., Docket Nos. 4, 5).

Having examined the averments submitted by the parties, the criminal record and the transcripts of proceedings, this Magistrate Judge opines there are no possible merits to this post-conviction relief petition. We now briefly discuss.

## LEGAL ANALYSIS

### I. Issues Raised on Direct Appeal.

The Court of Appeals for the First Circuit has already ruled on petitioner's direct appeal in regards to the sentence which was imposed which was greater than the one petitioner agreed with the government in the written plea agreement. Petitioner has raised anew the aforementioned claims in his § 2255 petition.

■ Issues raised on direct appeal, those already resolved, and even those considered waived, are barred in this post-conviction motion. *See United States v. Escobar–de Jesus*, 187 F.3d 148, 159–162 (1st Cir.1999). In a collateral attack petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct appeal, absent an intervening change in the law. *Davis v.*

*United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994).

■ Therefore, the averments raised in petitioner's § 2255 petition, which were already amply discussed on direct appeal as to the reasons for the imposition of the sentence and the justification expressed by the sentencing court to determine to impose a non-guideline sentence but rather the statutory maximum are foreclosed on collateral review.

### II. Ineffective Assistance of Counsel.

■ A claim of ineffective assistance of counsel should first address whether petitioner complies with the requisites in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. *See Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052. *See also López–Nieves v. United States*, 917 F.2d 645, 648 (1st Cir.1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." *United States v. Natanel*, 938 F.2d 302, 309 (1st Cir.1991). The "range of reasonable professional assistance" is quite wide. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

■ Under *Strickland v. Washington*, 466 U.S. at 688, 104 S.Ct. 2052, counsel's performance is ineffective only if it was objectively unreasonable under prevailing

professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance. Petitioner Cruz–Toro has failed to do so in this petition by merely claiming defense counsel failed in not objecting to the alleged government's breach of the plea when petitioner did not receive the agreed upon sentence of one hundred and fifty one (151) months of incarceration and instead received the statutory maximum of three hundred (300) months.

The record clearly defies petitioner Cruz–Toro's averment the government breached the plea agreement. During the sentence proceedings, the government indicated to the Court there was a plea agreement between the parties and its recommendation was of one hundred and fifty one (151) months of imprisonment. (Criminal No. 05–365, Docket No. 43, Transcript 4–26–2006, pp. 11–12). Once the victim, who was present in the courtroom, indicated she wanted to address the Court, the government stated once more on the record that there was a plea agreement and it had already made its recommendation, so it was for the Court to conduct the examination of the victim and not the government, since it was bound by the Plea Agreement. (Id., p. 13).

Once the Court entertained the victim's allocution as to how the crime committed by petitioner Cruz–Toro had affected her life, her husband's life, who was also present in Court, and his children, specific findings were made by the Court as to the propriety of imposing a non-guideline sentence. In summary, during the carjacking offense, the victim was abducted, forced into the trunk of the car although she indicated being asthmatic,[1] stabbed three (3) times on the neck, was cut on the upper lip and left ear lobe, was thrown down an embankment while fighting for her life, and was left there only after she made herself look dead.[2] After being left abandoned, the victim had to walk up the embankment while bleeding profusely. The victim found a house where she was helped and taken to a hospital, where she underwent surgery. After the ordeal, the victim has required psychological help, as well as continuous therapy for the physical injuries she suffered, including a subsequently resulting facial paralysis. (Docket No. 46, pp. 14–25, p. 26).

The Court further considered the characteristics of petitioner in that he had shown prior disposition to violence and the use of a knife. The sentencing court determined petitioner was prone to engage in violence. Petitioner had a juvenile record when he was seventeen (17) years old and in his most recent carjacking offense he was nineteen (19) years old. Thus, regardless of the government's recommendation in accordance with the plea agreement, the Court sentenced petitioner Cruz–Toro bearing in mind the sentence must be one sufficient, but not greater than necessary to comply with the criminal punishment required by law. (*Id.* p. 26).

---

**1.** The victim further indicated that, while inside the trunk for approximately two (2) hours, she kept thinking of her three (3) children and if she would ever see them again, as well as suffered great anguish over whether she would be burned or raped.

**2.** The victim also narrated to the Court how she had pleaded with petitioner not to hurt her because she was the mother of three (3) children, how she had wrestled him for the knife and was once able to stab him once on the top of his head, how she then fought and took petitioner with her down the embankment. The victim was stabbed three (3) times on the neck.

 Additionally, petitioner claims he would not have entered into the plea agreement, had he known about the sentence which could be imposed, which makes his plea one not knowing and voluntary. The record also belies this assertion by petitioner.

 At the Rule 11 proceedings where petitioner Cruz–Toro entered his plea, he indicated being satisfied with his counsel and his legal representation. (Change of Plea Transcript, Docket No. 41, pp. 6–7). Thereafter, petitioner Cruz–Toro stated having ample time to discuss the plea agreement and having provided his consent without coercion or any mental reservation. (Id., p. 7). Petitioner recognized his signature in the written plea agreement, which was bearing his initials on every page and his signature on the last page, as well as on the version of facts attached to same. (Id. pp. 12–13).

Both on the written plea agreement and during the Rule 11 hearing, petitioner Cruz–Toro was appraised the sentence to be imposed by the Court was entirely at the discretion of the sentencing judge, who had the authority to impose any sentence up to the statutory maximum for which petitioner was pleading guilty to and the terms appearing on the plea agreement were only a recommendation, not mandatory. (Id. p. 14). Petitioner was further informed, that if the Court imposed a sentence up to the maximum established by statute, which tend to be higher or more severe than what anyone would be expecting, for that reason alone petitioner could not withdraw his plea and would remain bound to fulfill all the obligations under the plea agreement. (Id.). Petitioner was thereafter explained the maximum possible penalties he was exposed, which was a term of not more than twenty five years and a fine up to $250,000. (Id., p. 16). These possible penalties also appear in the written plea agreement. (Criminal No. 05–365, Docket No. 21, pp. 2, 3).

In fact, the written plea agreement states:

3. Applicability of Sentencing Guidelines.

Defendant understands that the sentence will be left entirely to the sound discretion of the Court and that the Sentencing Guidelines, Title 18, *United States Code*, Section 3551, et seq. (hereinafter Guidelines) are advisory. It is further understood that the defendant may not withdraw defendant's plea solely as a result of the sentence imposed and the Court is not bound by this plea agreement. (Plea Agreement p. 2).

Additionally, the written plea agreement provides:

6. Rule 11(c)(1)(B) Warnings.

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge ... The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty and that the sentence could be served concurrently or consecutive to any pending sentence. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all the obligations under this Plea Agreement. (Id. p. 3).

Thus, the record clearly shows petitioner Cruz–Toro was fully aware of the discretion of the Court as to imposition of sentence and the statutory maximum he could be facing.

As such, absent from the record any event which could indicate defense counsel provided anything other than competent and professional assistance, there are no

grounds to support petitioner's ineffective assistance of counsel claim, and the § 2255 petition lacks merit.

### III. Hearing on Petitioner's § 2255 petition.

Finally, a hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. § 2255.

■ Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Dziurgot v. Luther,* 897 F.2d 1222, 1225 (1st Cir.1990)(*quoting Myatt v. United States,* 875 F.2d 8, 11 (1st Cir.1989)). *See United States v. Rodríguez Rodríguez,* 929 F.2d 747, 749–50 (1st Cir.1991); *United States v. McGill,* 11 F.3d 223, 225–26 (1st Cir. 1993).

■ As discussed herein above, petitioner Cruz–Toro has not established merits to his post-conviction motion. Accordingly, petitioner is not entitled to an evidentiary hearing.

### CONCLUSION

In view of the foregoing, petitioner Cruz–Toro has not been able to establish that the issues raised in his post-conviction petition entitle him to relief. Accordingly, it is recommended that petitioner's § 2255 motion for post-conviction relief (Docket No. 1) be **DENIED.**

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommenda-

tion. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 16th day of September of 2008.