**José A. VÁZQUEZ–CASTRO, Plaintiff**

v.

**UNITED STATES of America, Defendant.**

**Civil No. 13–1230 (CCC).**
**Criminal No. 06–0210 (CCC).**

United States District Court, D. Puerto Rico.

Signed Sept. 30, 2014.

---

José A. Vazquez–Castro, Inez, KY, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Defendant.

### JUDGMENT

CARMEN CONSUELO CEREZO, District Judge.

Having considered the Motion to Vacate, Set Aside, or Correct Sentence filed by petitioner José A. Vázquez–Castro on March 19, 2013 (docket entry 1), the United States' Response in Opposition filed on October 17, 2013 (docket entry 3), the supplemental pleading filed by petitioner on August 1, 2014 (docket entry 5), and the Report and Recommendation filed by U.S. Magistrate–Judge Justo Arenas on August 18, 2014 **(docket entry 6),** which remains unopposed, said Report and Recommendation is APPROVED and ADOPTED and petitioner's 28 U.S.C. § 2255 Motion **(docket entry 1)** and supplemental pleading **(docket entry 5)** are DENIED. Accordingly, it is ORDERED and ADJUDGED that judgment be and is hereby entered DISMISSING this action, with prejudice.

No certificate of appealability shall be issued should petitioner file a notice of appeal, since he has failed to make a substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

SO ORDERED AND ADJUDGED.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255, AS SUPPLEMENTED

JUSTO ARENAS, United States Magistrate Judge.

I

#### A. PROCEDURAL BACKGROUND: TRIAL LEVEL

Petitioner Jose A. Vazquez–Castro was indicted on June 28, 2006 in a three-count indictment together with five other defendants. (Crim. No. 06–210, Docket No. 20). Count One charged that, beginning in or about February 16, 2006, and continuing up to the date of the indictment, in the District of Puerto Rico and within the jurisdiction of this court, petitioner and others knowingly and intentionally combined, conspired, confederated and agreed together and with each other and other persons known and unknown to the grand jury, to possess with intent to distribute a narcotic drug controlled substance, that is, five (5) kilogram or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846. Count Two charges the corresponding aiding and abetting offense under 18 U.S.C. § 2. Count Three of the indictment charges that on or about June 23, 2006, in the District of Puerto Rico and within the

jurisdiction of this court, petitioner and others, aiding and abetting each other, did possess, use and carry firearms, as that term is defined in 18 United States Code Section 921(a)(3) to wit: a .45 caliber Ruger pistol, model P97DC, serial number 66333684, loaded, in furtherance of a drug trafficking crime, as that term is defined in Title 18, United States Code, Section 924(c)(2), that is, the possession with the intent to distribute controlled substances, as charged in Counts One and Two, offenses for which defendants may be prosecuted in a court of the United States. All in violation of Title 18, United States Code §§ 924(c)(1)(A) and 924(c)(1)(A)(i). (Crim. No. 06–210, Docket No. 20).

Petitioner was arraigned before me on July 3, 2006 and entered a not guilty plea. (Crim. No. 06–210, Docket No. 35). Petitioner was represented by attorney Guillermo Godreau Marrero. On September 15, 2006, petitioner *pro se* asked for court-appointed counsel, since counsel Godreau Marrero passed away. Attorney Ramon Garcia–Garcia was then appointed to represent petitioner on October 23, 2006, and proceeded to file a flurry of motions. (Crim. No. 06–210, Docket Nos. 61, 63–67, 73). Counsel Garcia–Garcia moved to withdraw representation on August 1, 2007 and attorney Rachel Brill, also court-appointed, assumed representation. (Crim. No. 06–210, Docket Nos. 191, 196). Petitioner asked for another court-appointed counsel which request was initially denied. Counsel Brill filed a motion to suppress statement on February 6, 2008. (Crim. No. 06–210, Docket No. 238). On May 23, 2008, petitioner was appointed attorney Jason Gonzalez–Delgado in the middle of settings of the suppression hearing. (Crim. No. 06–210, Docket Nos. 267, 268). On October 30, 2008, the court set the jury trial for November 12, 2008. Prior to trial, plea offers were made to petitioner and the other defendants, and petitioner alone proceeded to trial which then began on November 24, 2008 and ended on December 16, 2008 with a guilty verdict on all counts. (Crim. No. 06–210, Docket Nos. 301, 319, 321). A comprehensive motion for acquittal under Fed.R.Crim.P. 29(c)(1) was filed on December 24, 2008. (Crim. No. 06–210, Docket No. 329).

On January 29, 2009, retained counsel Alexander Zeno filed a notice of appearance. (Crim. No. 06–210, Docket No. 335). Petitioner was sentenced on July 9, 2009 to 120 months imprisonment on Counts One and Two, to be served concurrently, and a consecutive sentence of 60 months on Count Three, as required by 18 U.S.C. § 924(c)(1)(D)(ii). (Crim. No. 06–210, Docket No. 387). A notice of appeal was filed on July 20, 2009. (Crim. No. 06–210, Docket No. 390).

## B. PROCEDURAL HISTORY: APPELLATE LEVEL

On April 7, 2011, the United States Court of Appeals for the First Circuit affirmed the conviction. *United States v. Vazquez–Castro*, 640 F.3d 19 (1st Cir. 2011). Petitioner argued that the evidence was insufficient to prove a violation as to Count Three, and also argued that the court erred by instructing the jury on the *Pinkerton* theory of liability. *See Pinkerton v. United States*, 328 U.S. 640, 645 n. 6, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The court found that it was reasonably foreseeable to petitioner that one of his co-conspirators would carry a firearm, following the *Pinkerton* theory, and therefore did not consider the evidence under a higher showing of aiding and abetting. *United States v. Vazquez–Castro*, 640 F.3d at 27.

Petitioner did not seek further relief by way of certiorari, although he sought rehearing, which was denied on May 4, 2011. His conviction became final 90 days after

that date, on August 4, 2011. Rule 13.3 of the United States Supreme Court Rules. Therefore this petition would have had to be filed no later than one year later, August 4, 2012, in order to be considered timely filed. *Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Herbert v. Dickhaut,* 695 F.3d 105, 107 (1st Cir.2012); *Close v. United States,* 336 F.3d 1283, 1285 (11th Cir.2003); *Derman v. United States,* 298 F.3d 34, 40–42 (1st Cir.2002); *Torres–Santiago v. United States,* 865 F.Supp.2d 168, 172 n. 1 (D.P.R.2012).

## II. COLLATERAL ·REVIEW

On July 26, 2012, petitioner asked the court to contact his attorney and ask him why this motion was not filed in a timely fashion. (Crim. No. 06–0210, Docket No. 430). The motion was denied. (Crim. No. 06–0210, Docket No. 431).

This matter is before the court on *pro se* petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on March 19, 2013. (Docket No. 1). Petitioner argues that he did not receive effective assistance of counsel when he, petitioner, was not present during a critical stage of his trial. On December 16, 2008, a proceeding addressing a written note for the jury was held in chambers without the presence of petitioner. The note requested the testimony transcript of Bobby Cruz, Marcos Nunez (government witnesses), and Jose Vazquez Castro. The court denied the request and informed the jury with another note and an explanation. (Docket No. 1 at 5). Petitioner argues that a part of the agreed-to message to the jury was left out, the part which qualified the request in that a specific portion of the testimony would be read but not six hours worth. Petitioner also complains of the lack of preparation for trial and effectiveness in the examination of petitioner who incriminated himself on the witness stand, or was also not credible, thus undermining his defense. Petitioner stresses that the prosecutor, Assistant U.S. Attorney Vernon Miles, made "mincemeat" of him on cross-examination. (Docket No. 1 at 8). Petitioner stresses that his trial counsel was ineffective under the standard of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner informs that the motion is timely because the mandate of the court of appeals was entered on May 16, 2011. (Docket No. 1 at 3). Petitioner apparently signed the motion on some day in April 2012. (Docket No. 1 at 12). However, it is impossible to know when petitioner signed the motion since it appears that the same petition was sent to him without changes, including the month of April.

Accompanying his motion is a letter from Alvin E. Entin of the law offices of Entin & Della Fera, P.A. in Fort Lauderdale, Florida dated July 20, 2012 explaining that petitioner had been sent the application for a writ of habeas corpus on April 6, 2012 for him to file it directly with this court. (Docket No. 1–1). Since petitioner said he did not receive the same, another petition was then enclosed. The letter ends thus: "Since you are outside the 1 year period of limitation, you will need to request the Court allow you to file the Application out of time." A letter to the Clerk blames Mr. Entin for the untimely filing and informs that petitioner will pursue his complaint against Mr. Entin in another forum. He states that attorney Entin was paid to file the motion by petitioner's family.

In a short brief, the government tersely replies that the petition is time-barred. It does not address the merits of the petition and only repeats what is apparent from reviewing two dockets, that is, that the

motion was filed months after the limitations period expired. (Docket No. 3 at 3).

Generally, a petitioner appearing *pro se* has his pleadings considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Campuzano v. United States,* 976 F.Supp.2d 89, 97 (D.P.R.2013); *Jeffries v. Fields,* 2014 WL 994908 at *20 (C.D.Cal. March 10, 2014); *Proverb v. O'Mara,* 2009 WL 368617 at *1 (D.N.H. Feb. 13, 2009). In this case, the pleadings are penned not by a ghostwriting jailhouse lawyer, but apparently by a retained attorney. In any event, neither is excused from complying with both procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997); *Boudreau v. Englander,* 2009 WL 2602361 at *1 (D.N.H. Aug. 24, 2009). This rule certainly applies here where the petition and its supplement face formidable barriers.

I need not smooth the ice. The motion for relief was filed beyond the limitations period. Therefore I recommend that petitioner's motion to vacate, set aside, or correct sentence, as well as the supplemental motion, be DENIED without an evidentiary hearing, the supplemental motion for reasons which I will explain.

## III. DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). The burden is on the petitioner to show his entitlement to relief under section 2255, *David v. United States,* 134 F.3d at 474, including his entitlement to an evidentiary hearing. *Cody v. United States,* 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993)); *Pinillos v. United States,* 990 F.Supp.2d 83, 93 (D.P.R.2013); *Cintron-Boglio v. United States,* 943 F.Supp.2d 292, 296 (D.P.R.2013). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. Carbone,* 880 F.2d 1500, 1502 (1st Cir.1989); *United States v. McGill,* 11 F.3d at 226 (quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill,* 11 F.3d at 226 (quoting *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984)). *Ruperto v. United States,* 2013 WL 5797373 at *2 (D.P.R. Oct. 28, 2013); *see Campuzano v. United States,* 976 F.Supp.2d 89, 100 (D.P.R.2013). Petitioner is required to make a substantial threshold showing that he is entitled to such a hearing. *Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Romsey,* 975 F.2d 556, 557–58 (8th Cir.1992).

> [E]videntiary hearings on motions are the exception, not the rule. We have repeatedly stated that, even in the crimi-

nal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion. Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment.

*United States v. Isom*, 85 F.3d 831, 838 (1st Cir.1996) (*quoting United States v. McGill*, 11 F.3d at 225); *Pinillos v. United States*, 990 F.Supp.2d at 93.

## A. LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. 28 U.S.C. § 2255(f). *Pratt v. United States*, 129 F.3d 54, 58 (1st Cir.1997); *Santana v. United States*, 980 F.Supp.2d 126, 136 (D.P.R.2013). Regardless of whether the petition bears a signature dated within the limitations period, the petition was filed over a year from the date petitioner's sentence became final and unappealable. However, the inquiry does not necessarily stop there. In its pertinent part, section 2255 reads:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

■ Not mentioned in this statute, equitable tolling is a doctrine "that provides that in exceptional circumstances, a statute of limitations 'may be extended for equitable reasons not acknowledged in the statute creating the limitations period.'" *Ramos–Martinez v. United States*, 638 F.3d 315, 321 (1st Cir.2011), citing *Neverson v. Farquharson*, 366 F.3d 32, 40 (1st Cir.2004) (quoting *David v. Hall*, 318 F.3d 343, 345–46 (1st Cir.2003)); *Perocier–Morales v. United States*, 887 F.Supp.2d 399, 412 (D.P.R.2012). Petitioner presents the court with an eleventh hour argument which ignores any initiative which may have occurred during the length of the limitations period. *See e.g. Berroa Santana v. United States*, 939 F.Supp.2d 109, 115–16 (D.P.R.2013); *cf. Torres–Santiago v. United States*, 865 F.Supp.2d at 176–77. Petitioner fails to describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Ramos–Martinez v. United States*, 638 F.3d at 321–24; *Santana v. United States*, 980 F.Supp.2d at 136–37. Indeed, he apparently signed the petition in April 2012 and filed it in March 2013 when it could have been timely filed during the four months after he signed it. The court is left with a total void as to what happened to the first petition sent to petitioner for his signature on April 6, 2012, with plenty of time to make a timely submission. But the first petition having been lost, the second petition sent in July, 2012 could yet have been filed in a timely fashion, notwithstanding the attorney's warn-

ing that it was now late, applying a rote mathematical interpretation to the limitations calculation without reference to United States Supreme Court Rule 13.

■ To carry the burden of establishing the basis for equitable tolling, the petitioner must show " ' "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.' " *Id.* at 323, quoting *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010), which in turn quotes *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002); *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir.2001); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir.2001); *McGinn v. New Hampshire State Prison*, 2007 WL 2410383 at *2 (D.N.H. Aug. 21, 2007).

■ There are no extraordinary circumstances present which support a favorable invocation of petitioner's entitlement to equitable tolling. Nor is there a showing of reasonable or due diligence on the part of the petitioner in seeking relief. *See Barreto–Barreto v. United States*, 551 F.3d 95, 101 (1st Cir.2008); *Cordle v. Guarino*, 428 F.3d 46, 48–49 (1st Cir.2005); *Aponte–Cruz v. United States*, 2009 WL 1457703 at *2 (D.P.R. May 21, 2009). Therefore, notwithstanding petitioner's stressing that his trial counsel was ineffective under the standard of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, I do not address the merits of the petition. To do so weakens the purpose of limitations legislation focused precisely on issues such as those presented.

In view of the above, I recommend that the motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Docket No. 1) be denied without evidentiary hearing as untimely.

## B. SUPPLEMENTAL CLAIM

Plaintiff submitted a motion for leave to amend the § 2255 motion under Fed. R.Crim.P. 15(c) on August 1, 2014 (Docket No. 5), incorporating a memorandum of law and relying on *Rosemond v. United States*, —— U.S. ——, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014), decided March 5, 2014, in arguing that he is "actually innocent" of violating the provisions of 18 U.S.C. § 924(c). He stresses that the allegation that he is actually innocent because of *Rosemond v. United States*, 134 S.Ct. 1240 takes his case outside of the fatality of the defense of limitations. *Rosemond*, 134 S.Ct. 1240 resolved an 8–3 Circuit conflict over what it takes to aid and abet an 18 U.S.C. § 924(c) offense. *Id.* at 1245. The Court clarified that

" '[a] defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense,' *id.* at 1246 (alteration in original) (quoting *United States v. Sigalow*, 812 F.2d 783, 785 (2d Cir.1987)) (internal quotation marks omitted), so long as he also has "advance knowledge" of the other elements, *id.* at 1249."

*United States v. Diaz–Castro*, 752 F.3d 101, 107 n. 4 (1st Cir.2014), quoting *Rosemond v. United States*, —— U.S. ——, 134 S.Ct. at 1246.

■ The holding of *Rosemond*, 134 S.Ct. 1240 is unavailing because while it concerns violations of 18 U.S.C. § 924(c), the decision is not a sweeping one and unlike, for example, *Alleyne v. United States*, 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), it did not set forth a new rule of constitutional law. On the other hand, like *Alleyne*, 133 S.Ct. 2151, it does not apply retroactively to cases on collateral review. *Cf. United States v. Reyes*, 755 F.3d 210, 212 (3rd Cir.2014); *Simpson v. United States*, 721 F.3d 875,

876 (7th Cir.2013); *United States v. Castillo,* 559 Fed.Appx. 701, 702 (10th Cir.2014), citing *In re Payne,* 733 F.3d 1027, 1029 (10th Cir.2013); *United States v. Solomon,* 2014 WL 3402010 at \*2 (W.D.Pa. July 10, 2014). Furthermore, the test for innocence is not "actual innocence" but "actual factual innocence". *Schlup v. Delo,* 513 U.S. 298, 327–29, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Pinillos v. United States,* 990 F.Supp.2d at 100. There was sufficient evidence at trial to prove that petitioner had knowledge that a coconspirator carried "steel", that is, a weapon, during the transaction where petitioner carried a kilogram of cocaine. *United States v. Vazquez–Castro,* 640 F.3d at 26–27.

Therefore, it is no miscarriage of justice to simply reaffirm that petitioner was correctly convicted, and that the *Pinkerton* instruction was correct even in the hindsight illumination of *Rosemond v. United States,* 134 S.Ct. 1240. *See United States v. Payne,* 763 F.3d 1301, 1304 n. 2 (11th Cir.2014); *United States v. Newman,* 755 F.3d 543, 547 (7th Cir.2014). Indeed, the parties argued the *Pinkerton* element of liability during trial and petitioner submitted such a proposed jury instruction. *United States v. Vazquez–Castro,* 640 F.3d at 25.

 Finally, this circuit has held that the "relation back provision in habeas petitions is strictly construed" and does not apply to the limitations period that is based on 28 U.S.C. § 2255(f)(3). *Turner v. United States,* 699 F.3d 578, 585–86 (1st Cir.2012); *see Ràmirez–Burgos v. United States,* 990 F.Supp.2d 108, 123–24 (D.P.R. 2013). Petitioner's arguable acquittal would not apply prior to *Rosemond v. United States,* 134 S.Ct. 1240, and therefore the supplemental pleading cannot re-late back to the original and untimely petition. *See e.g. United States v. Reynoso,* 2014 WL 185333 at \*5–6 (D.Me. January 15, 2014).

## IV. CONCLUSION

This case is a prime example of the purpose of the AEDPA, which was to "advance the finality of criminal convictions." *Mayle v. Felix,* 545 U.S. 644, 654, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). The motion under 28 U.S.C. § 2255 is time-barred. Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Docket No. 1) be DENIED without evidentiary hearing. I also recommend that the supplemental pleading based on *Rosemond v. United States,* 134 S.Ct. 1240 be DENIED for two reasons. First, Fed.R.Civ.P. 15(c) is inapplicable because since the original petition is untimely, the amended one must be treated as a second or successive petition, in which case this court lacks jurisdiction. *See* 28 U.S.C. 2255(h). *See e.g. United States v. Nelson,* 465 F.3d 1145, 1149 (10th Cir.2006). Second, *Rosemond v. United States,* 134 S.Ct. 1240, does not apply retroactively to cases on collateral review. (Docket No. 5). *See e.g. Gentile v. Fox,* 2014 WL 3896065 at \*8 (C.D.Cal. July 11, 2014) (report and recommendation); *Linton v. United States,* 2014 WL 2964074 at \*1 (D.Md. June 27, 2014). Ultimately, the amended petition lacks merit.

Furthermore, I recommend that no certificate of appealability issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lassalle–Velazquez v. United States,* 948 F.Supp.2d 188, 193 (D.P.R.2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. Fed.R.Civ.P. 72(b)(2); *see Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. DeJesus–Viera,* 655 F.3d 52, 57 n. 1 (1st Cir.2011); *School Union No. 37 v. United Nat. Ins. Co.,* 617 F.3d 554, 564 (1st Cir.2010); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Barrow v. United States,* 990 F.Supp.2d 76, 83 (D.P.R.2013); *Velazquez v. Abbott Laboratories,* 901 F.Supp.2d 279, 288 (D.P.R. 2012); *Cruz–Toro v. United States,* 644 F.Supp.2d 137, 144 (D.P.R.2009).

In San Juan Puerto Rico this 18th day of August, 2014.