**UNITED STATES of America, Appellee,**

v.

**Alvin SIGALOW, Appellant.**

**No. 1535, Docket 86–1160.**

United States Court of Appeals,
Second Circuit.

Argued July 16, 1986.

Decided Feb. 23, 1987.

Stanley A. Teitler, New York City, for appellant.

Victor V. Pohorelsky, Asst. U.S. Atty. (Kenneth Roth, Asst. U.S. Atty., Rudolph Giuliani, U.S. Atty., S.D.N.Y., of counsel), for appellee.

Before WINTER and MAHONEY, Circuit Judges, and CABRANES, District Judge.*

JOSÉ A. CABRANES, District Judge:

Alvin Sigalow appeals from a judgment of the United States District Court for the Southern District of New York, David N. Edelstein, *Judge*, convicting him of both counts of a two count indictment after a three-week jury trial. The first count charged Sigalow with conspiring to defraud

---

\* The Honorable José A. Cabranes, United States District Judge for the District of Connecticut, sitting by designation.

the United States, by impeding or obstructing the functioning of the Internal Revenue Service ("IRS") in violation of 18 U.S.C. § 371.[1] The second charged that Sigalow had aided and abetted the promotion, management, establishment or carrying on of a prostitution enterprise through the use of the mails in violation of 18 U.S.C. § 1952(a)[2] and 18 U.S.C. § 2.[3] Sigalow was sentenced to concurrent six-month terms of imprisonment on each count, to be followed by concurrent one-year terms of probation. On appeal, Sigalow claims that the evidence on the first count was insufficient as a matter of law, and that the jury instructions on the second count misstated the law by not requiring the jury to find that he had actually aided and abetted the use of interstate facilities such as the mails in violation of the Travel Act. He also argues that the evidence on the aiding and abetting count was insufficient. We affirm the judgment of conviction on both counts.

## I.

The facts relevant to the issues on appeal may be briefly summarized. Sigalow was general manager and "front man" for two massage parlors engaged in the prostitution business. The real owners of the massage parlors were the three Dushey brothers. The Dushey brothers, aware of a pending IRS investigation of their operations, sought to insulate themselves from IRS scrutiny or prosecution by making Sigalow the president of the two corporations that operated the massage parlors; one of these entities was later reorganized as a sole proprietorship with Sigalow as the sole proprietor. Brief for Appellant Sigalow at 14–18. The Dushey brothers retained financial control of the business, with Sigalow signing checks in blank which the Dushey brothers would later fill out. *Id.*

It is not disputed that the business used the interstate mails to advertise its services in direct mailings and in widely circulated publications, including the *The Village Voice* and *Screw* magazine. *Id.* at 8 & note *; App. 1194. The massage parlors conducted direct mail solicitation in New York and adjoining states and sent mailings to regular patrons in the tri-state area of New York, New Jersey, and Connecticut, advising them of upcoming special events. It is also not disputed on appeal that Sigalow was aware of this print advertising, *id.* at 9–10, 36 n. *, and the testimony of several witnesses at trial indicated that Sigalow was aware of the advertisements and direct mail solicitation. App. at 118, 301, 1041, 1106. It is likewise undisputed that the companies and Sigalow failed to file tax returns or filed false tax returns for most, and possibly all, of the period at issue. Brief for Appellant Sigalow at 10–13, 19–21.

## II.

### A.

■ Sigalow argues that the evidence against him on the count charging conspiracy to defraud the United States was insufficient as a matter of law. On repeated occasions we have observed that a defendant challenging the sufficiency of the evidence underlying a jury verdict carries "a

---

1. 18 U.S.C. § 371 provides that "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

2. The Travel Act, 18 U.S.C. § 1952, provides in relevant part that "[w]hoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to ... promote, manage, establish, carry on, or facilitate the promotion,

management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified [above], shall be fined not more than $10,000 or imprisoned for not more than five years, or both." Included in the definition of "unlawful activity" are "prostitution offenses in violation of the laws of the State in which they are committed or of the United States." *Id.* § 1952(b).

3. The general federal aiding and abetting statute, 18 U.S.C. § 2(a), states that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

very heavy burden," *United States v. Young,* 745 F.2d 733, 762 (2d Cir.1984) (citations omitted), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985); a conviction must be upheld if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). *See United States v. Gaviria,* 805 F.2d 1108, 1116 (2d Cir.1986). Sigalow's challenge fails because the jury was presented with evidence from which it could readily have found, among other facts, that Sigalow knew of his employers' systematic destruction of business records, that Sigalow became the "front man" for the prostitution enterprise knowing of the Dusheys' concern about the IRS investigation, and that Sigalow filed false tax returns in his role as a "front" knowing these tax returns were false. These facts alone would amply establish his knowing participation in a conspiracy to defraud the United States by obstructing the operations of the IRS.

## B.

■ With regard to the aiding and abetting count, Sigalow contends that the government was required to prove that he consciously assisted in the use of interstate facilities such as the mails or that he knowingly participated in the use of those interstate facilities. We disagree.

The jury was instructed that Sigalow could be convicted of aiding and abetting the Travel Act offenses of the Dusheys even if Sigalow had no knowledge of any use of the mails, so long as it found that Sigalow willfully and knowingly aided a prostitution enterprise that was promoted by mail. It was instructed that it need not find that Sigalow "caused the mails to be used or even knew that the mails were used to promote the prostitution enterprise" to convict him of aiding and abetting a Travel Act violation, App. at 1400; the prosecution merely had to prove that the mails were indeed "used in furtherance of

the prostitution enterprise," and that the defendant aided and abetted "in the promotion, management, establishment or carrying on of that enterprise, and that he did so willfully and knowingly." *Id.*

A defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense. The government need prove only "that [the] defendant in some sort associate[d] himself with the venture [and] that he participate[d] in it as in something that he wishe[d] to bring about." *United States v. Ginsberg,* 758 F.2d 823, 832 (2d Cir.1985) (quoting *Nye & Nissen Corp. v. United States,* 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949)). *See also United States v. Wardy,* 777 F.2d 101, 106 (2d Cir.1985) (defendant who supplied weapon to persons planning bank robbery could be convicted as aider and abettor although he did not participate in robbery); *United States v. Dickerson,* 508 F.2d 1216, 1217–18 (2d Cir.1975) (aider and abettor need only have assisted the commission of the crime "in some active way").

Our holding that an aider and abettor of a Travel Act violation need not have assisted in the use of interstate facilities is consistent with the reasoning of other circuits. For example, the Court of Appeals for the Ninth Circuit has observed that

[i]n a case where jurisdiction depends upon the interstate nature of the criminal activity, as with section 1952, [18 U.S.C. § 2] considerably eases the prosecutor's burden. Because of section 2, he does not have to show the interstate nature of each defendant's activity, but rather that the scheme had substantial interstate connections. If it did, he must then prove that each defendant aided or abetted the scheme to make out his violation of section 1952 against each defendant.

*United States v. Ryan,* 548 F.2d 782, 786 (9th Cir.1976), *cert. denied,* 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976), 430 U.S. 965, 97 S.Ct. 1644, 52 L.Ed.2d 356 (1977). *See also United States v. LeFaivre,* 507 F.2d 1288, 1297–98 (4th Cir. 1974) (defendants could be convicted of aiding and abetting gambling operation al-

though they had not participated in negotiation of out-of-state checks that provided jurisdictional element under Travel Act), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975). *But see United States v. Stanley,* 765 F.2d 1224, 1243 (5th Cir.1985) (defendants playing significant role in scheme to possess marijuana with intent to distribute acquitted of Travel Act violation because of insufficient proof that they aided and abetted interstate travel).

The jury was instructed that, in order to convict Sigalow of the offense of aiding and abetting a violation of the Travel Act, it was required to find that the interstate mails had been "used in furtherance of the prostitution enterprise" and that Sigalow had participated "in the promotion, management, establishment or carrying on of that enterprise, and that he did so willfully and knowingly." App. at 1400. The district judge's instructions correctly required the jury to find that Sigalow had knowledge of the substantive prostitution offense which he aided and abetted, and correctly avoided requiring that the government also prove that Sigalow aided and abetted, or had knowledge of, the jurisdictional element of the Travel Act offense (the mailing of the advertisements). *See United States v. LaFaivre, supra,* 507 F.2d at 1298 ("The use of interstate facilities is not a crime requiring an additional *mens rea* beyond that required for participation in the gambling activity itself; it is just an act that confers federal jurisdiction over the underlying gambling activity, and nothing more.").[4]

In sum, appellant's challenge to his conviction on the second count fails because an aider and abettor need not assist in, or have knowledge of, the acts that satisfy the jurisdictional element of a Travel Act offense so long as he knows the nature of the substantive offense he furthers or promotes.[5]

---

4. As it happens, however, it is not disputed that Sigalow's knowledge of the prostitution enterprise extended to familiarity with the advertisements that, when placed in newspapers and client mailings in interstate commerce, satisfied the jurisdictional element of the Travel Act offense. *See* Brief for Appellant Sigalow at 9–10,

*Conclusion*

The judgment of conviction on each count is affirmed.

36 n. \*; App. at 118, 301, 1041, 1106 (trial testimony).

5. Our review of the record persuades us that the evidence at trial was more than sufficient to support the verdict of the jury that Sigalow knowingly aided the prostitution enterprise.