[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10838
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00315-TWT-AJB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELGIN BYRD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 4, 2020)

Before MARTIN, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Elgin Byrd appeals his convictions for aiding and abetting in assaulting a confidential informant ("CI"), in violation of 18 U.S.C. §§ 111(a)(1) and 2, and aiding and abetting in robbery of federal property, in violation of 18 U.S.C. §§ 2114(a) and 2, after he pled guilty to those and other offenses.  We affirm.

## I. BACKGROUND

A grand jury indicted Byrd and his codefendant, Michael Simpson, in an eight-count indictment.  Byrd entered into a plea agreement with the government in which he agreed to plead guilty to four counts in the indictment: (1) heroin distribution, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (Count Two); (2) aiding and abetting in assaulting a CI, in violation of 18 U.S.C. §§ 111(a)(1) and 2 (Count Four); (3) aiding and abetting in the robbery of federal property, in violation of 18 U.S.C. §§ 2114(a) and 2 (Count Five); and (4) aiding and abetting in the possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Six).

At Byrd's change-of-plea hearing, the government laid out the factual basis for the plea.  On August 3, 2016, a CI attempted to purchase two guns and heroin from Byrd; however, when Byrd stated the firearms were at a nearby location, the CI refused to go with Byrd to pick up the guns and left after buying heroin from him.  After several discussions by phone, on August 8, Byrd agreed to sell the CI three guns the following day.  Byrd and Simpson made several phone calls between

2

each other on August 8 and 9.  On August 9, after calling Byrd to confirm the transaction, the CI travelled to Byrd's apartment.  Shortly after the CI arrived, Byrd called Simpson, who had entered and exited the stairwell leading to Byrd's apartment within minutes of the CI's arrival.  Simpson returned to the apartment building, retrieved a pistol from a different apartment, and went back outside while he was once again on the phone with Byrd.  When the CI left Byrd's apartment, Byrd called Simpson.  As the CI was walking to leave the property, Simpson put a gun against the CI's back, pushed him to the ground, and took $600 (which had been provided by the government), his car keys, and a cell phone and Bluetooth that had government recording equipment installed on them.  After Byrd was arrested, he told officers that he and Simpson had been "fake selling guns" and that they had decided to rob the CI because they did not have guns to sell.  Byrd also admitted that some of the money from the robbery was going to him.

After the government finished the factual proffer, Byrd told the district court that he did not disagree with any of the stated facts and admitted that he was guilty. The court accepted the plea and adjudicated him guilty.

The probation office prepared a presentence investigation report ("PSI"). Pursuant to U.S.S.G. § 4B1.1, the PSI applied a base offense level of 34 because Byrd was a career offender; it then applied a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).  As a career offender, Byrd's

3

criminal history category was adjusted to VI, pursuant to U.S.S.G. § 4B1.1.  Based

on an offense level of 31 and a criminal history category of VI, the guideline range

was 188 to 235 months of imprisonment plus a consecutive 84-month sentence.[1]

At the sentencing hearing, the district court ultimately calculated the same

guideline range.  The government recommended a total sentence of 189 months of

imprisonment.  It stated that, during plea negotiations, the parties did not think that

Byrd was going to be a career offender, so the government had arrived at its

recommendation by recalculating the range based on an offense level that did not

use the career-offender enhancement.  The government stated:

> You know, Mr. Simpson is the one who showed up with a gun on
> very short notice and actually committed the aggravated assault and
> robbery of a confidential informant.  And so a sentence for Mr. Byrd
> that is seven, eight years above where Mr. Simpson would be seems
> like a bit of a disparity.  I recognize part of that's because the guidelines
> count for him much greater because of the career offender guidelines .
> . . .

The district court sentenced Byrd to a total of 189 months of imprisonment, 5 years

of supervised release, and $600 in restitution.

On appeal, Byrd challenges his convictions for aiding and abetting in an

assault of a CI and a robbery of federal property,[2] arguing there was an insufficient

factual basis for the guilty plea because, during sentencing, the prosecutor argued

---

[1] Byrd filed objections to the PSI, which are not relevant to this appeal.

[2] Byrd does not make any arguments regarding the offenses, so he has abandoned any challenge to them.  *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

that Byrd should be given leniency because his codefendant "actually committed" the robbery and assault.

## II. DISCUSSION

Where a defendant fails to object to the sufficiency of the factual proffer supporting the guilty plea, we review for plain error. *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285-86 (11th Cir. 2015). To establish plain error, a defendant must show that (1) there is error, (2) the error is plain, and (3) the error affects substantial rights. *Id.* at 1286. Where those three conditions are met, we may exercise our discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1170, 1776 (1993)). Challenges to the sufficiency of the factual proffer are not waived by the entry of a guilty plea. *Id.* at 1286-87.

Before accepting a guilty plea, the district court "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990). Statements made under oath during a plea colloquy receive a strong

5

presumption of truthfulness.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

The federal aiding-and-abetting statute provides that a person who aids or abets the commission of an offense is liable as a principal.  18 U.S.C. § 2.  A person is liable under this statute if "he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71, 134 S. Ct. 1240, 1245 (2014).  A defendant "can be convicted as an aider and abettor without proof that he participated in each and every element of the offense," and this theory of liability "comprehends all assistance rendered by words, acts, encouragement, support, or presence."  *Id.* at 73, 134 S. Ct. at 1246-47 (first quoting *United States v. Sigalow*, 812 F.2d 783, 785 (2d Cir. 1987); then quoting *Reves v. Ernst & Young*, 507 U.S. 170, 178, 113 S. Ct. 1163, 1170 (1993)).

The factual proffer from the government showed that Byrd (1) planned with his codefendant to rob a CI; (2) was to receive money from the robbery; (3) arranged for the CI to meet with him at his apartment; and (4) called his codefendant, Simpson, both as the CI arrived and left the apartment.  On these facts, the district court could have reasonably found that Byrd affirmatively acted with the intent to help Simpson rob the CI.  *Id.* at 71, 134 S. Ct. at 1245.  Although the prosecutor argued that Byrd should receive leniency because Simpson "actually

6

committed" the robbery and assault, that statement is not inconsistent with Byrd's liability under the aiding-and-abetting statute.  *See id.* at 73, 134 S. Ct. at 1246. Accordingly, the district court did not plainly err in finding that a sufficient factual basis supported the guilty plea.

**AFFIRMED.**