United States v. Don Meeker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

United States of America,

*Appellee*,

v.                                                          No. 20-641

Don Meeker,

*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | MICHAEL R. HASSE, New London, CT. |
| **FOR APPELLEE:** | KENNETH L. GRESHAM (Elena Lalli Coronado, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Don Meeker appeals from a judgment of conviction of the United States District Court for the District of Connecticut entered on January 13, 2020. After a jury trial, Meeker was convicted of aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119 and 2. The district court sentenced Meeker principally to 73 months' imprisonment and four years' supervised release. On appeal, Meeker challenges the sufficiency of the evidence adduced at trial to convict him. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

In the early morning of January 1, 2016, Meeker and his accomplices, Elbert Llorrens and Kyle Valentine, went searching for a victim to rob. Before they set out, Llorrens told Valentine that they were planning to "get somebody," *i.e.*, rob someone, and Meeker pulled out a gun. After a first attempt at tailing a potential victim ended in failure when Meeker's car ran low on gas, the trio pulled into a gas station. While Meeker pumped gas, two intoxicated out-of-towners approached Llorrens and Valentine and asked them for directions. Llorrens and Valentine offered to lead the individuals to their destination and instructed them to follow the car being driven by Meeker. Meeker then drove Llorrens and Valentine in the lead car and their targets followed in theirs. Shortly thereafter, Meeker stopped in the middle of a dark, residential road, retrieved the gun from under his seat, and handed it to Llorrens. Meeker waited in the car while Llorrens and

2

Valentine brandished the gun and a set of brass knuckles and robbed and carjacked the victims. At trial, Valentine testified that he was prepared to hurt the victims if necessary.

Valentine and the victims testified that Meeker's car remained stationary throughout the entire carjacking incident and that Meeker's car and the carjacked car left together. According to Valentine, the two cars then stopped next to each other down the street and Meeker retrieved the gun from Llorrens. Valentine testified that Meeker then met Llorrens and himself at Llorrens's apartment and the trio divided the money stolen from the victims. He also testified that Meeker neither objected to nor expressed surprise at Llorrens's and Valentine's actions. Cell-site location information was consistent with Meeker's phone being in the vicinity of the carjacking and, after the carjacking, in the vicinity of Llorrens's apartment.[1]

## STANDARD OF REVIEW

We review de novo challenges to the sufficiency of evidence to support a conviction. *United States v. Calonge*, 74 F.4th 31, 36 (2d Cir. 2023). Because Meeker "was convicted after a jury trial, we 'review the record evidence in the light most favorable to the government, drawing every reasonable inference in support of the jury's verdict.'" *Id.* (quoting *United States v. Tang Yuk*, 885 F.3d 57, 71 (2d Cir. 2018)). Meeker "'face[s] a heavy burden,' because our framework for evaluating such challenges 'is exceedingly deferential.'" *United States v. Ho*, 984 F.3d 191, 199 (2d Cir. 2020) (quoting *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018)). We "may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt."

---

[1] In police interviews, Meeker claimed that he begrudgingly intended to assist in the robbery of the victims, but not to assist a carjacking. Once he "knew what they were doing, [he] pulled off and . . . left." Gov't App'x at 103, Ex. 18-8 at 3:06–55. But Meeker concedes on appeal that evidence showed that Llorrens and Valentine "drove away in the victims' vehicle, following Mr. Meeker's vehicle," Appellant's Br. at 8, and that they all reconvened to divide the proceeds of their crime.

3

*United States v. Capers*, 20 F.4th 105, 113 (2d Cir. 2021) (quoting *United States v. Atilla*, 966 F.3d 118, 128 (2d Cir. 2020)).

**DISCUSSION**

The federal carjacking statute imposes criminal penalties upon "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119. "[T]he federal aiding and abetting statute punishes, as a principal, an individual that 'aids, abets, counsels, commands, induces, or procures' the commission of an underlying federal offense." *United States v. Robinson*, 799 F.3d 196, 200 (2d Cir. 2015) (quoting 18 U.S.C. § 2). "[A] person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *United States v. Delgado*, 972 F.3d 63, 73 (2d Cir. 2020) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)). Thus, aiding and abetting a carjacking requires an affirmative act in furtherance of the carjacking, with intent to facilitate the commission of the carjacking.

**I.    The Affirmative-Act Requirement of Aiding and Abetting a Carjacking**

We reject Meeker's argument that the government failed to prove by sufficient evidence the "actus reus" for aiding and abetting. Appellant's Br. at 28–31. "[T]he *actus reus* element . . . of federal accomplice liability" is the "'affirmative-act requirement.'" *Delgado*, 972 F.3d at 74 (quoting *Rosemond*, 572 U.S. at 74). "[T]he affirmative act requirement is met when the defendant facilitates *any* element of the underlying offense," *Robinson*, 799 F.3d at 200 (emphasis added), so the defendant need not participate "in each and every element of the offense," *Rosemond*, 572

4

U.S. at 73 (quoting *United States v. Sigalow*, 812 F.2d 783, 785 (2d Cir. 1987)).[2]  Reviewing the record evidence in the light most favorable to the government and drawing every reasonable inference in support of the jury's verdict, Meeker's facilitation of an element of the carjacking offense could be inferred from evidence that: he lured the victims to the location of the carjacking, provided the gun used in the carjacking, waited idly while Llorrens and Valentine committed the carjacking, and drove away together with the carjacked car.

## II.     The Intent Requirement of Aiding and Abetting a Carjacking

We also reject Meeker's arguments that "[t]he government failed to prove by sufficient evidence . . . that [he] possessed the requisite intent to commit the carjacking offense," Appellant's Br. at 10, that he lacked requisite "advance knowledge," *id.* at 11, and that "the carjacking crime had been concluded before he . . . learned what [his confederates] had done," *id.*

A reasonable jury could have found beyond a reasonable doubt that Meeker acted with the requisite, overarching intent to facilitate the carjacking offense.  "The intent requirement is stricter than the facilitation requirement in that 'the intent must go to the specific and entire crime charged . . . .'" *Robinson*, 799 F.3d at 200 (quoting *Rosemond*, 572 U.S. at 76).  "[F]or purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." *Rosemond*, 572 U.S. at 77.  Reviewing the record evidence in the light most favorable to the government and drawing every reasonable inference in support of the jury's verdict, Meeker's intent to facilitate the carjacking could be inferred from evidence that: he lured the victims to the location of the offense, provided the gun used in the carjacking, waited idly while Llorrens and Valentine committed the carjacking, drove

---

[2] The affirmative-act requirement does not, as Meeker incorrectly asserts, necessitate that "the defendant participated in the entire offense, including the carrying out of the carjacking."  Appellant's Br. at 30 (emphasis omitted).

away together with the carjacked car, took back the gun shortly after the carjacking, and met up with Llorrens and Valentine after the carjacking to collect his share of their ill-gotten gains.

Meeker's intent is measured "at the moment" that Llorrens and Valentine "demanded or took control over the [victims'] automobile." *Holloway v. United States*, 526 U.S. 1, 12 (1999); *see also United States v. Felder*, 993 F.3d 57, 66 (2d Cir. 2021) ("[T]emporality, not purpose, [i]s the critical limiting factor tying the *mens rea* and *actus reus* elements of § 2119. . . . '[T]he factfinder's attention' is properly drawn 'to the defendant's state of mind *at the precise moment* he demanded or took control over the car by force and violence or by intimidation.'" (quoting *Holloway*, 526 U.S. at 8)). That is, an aider and abettor must have sufficient "advance knowledge" that will allow the person "to make the relevant legal (and indeed, moral) choice" whether "to go ahead with his role in the venture." *Rosemond*, 572 U.S. at 78. But a jury may draw inferences about a defendant's advance knowledge or intent at the time of a crime's commission based upon the defendant's actions before, during, and after it. *See id.* at 78 n.9 ("Of course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge. In any case, after all, the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission."); *see also Robinson*, 799 F.3d at 201 (finding a sufficient factual basis to prove the defendant's intent where he "joined the carjacking while [his confederate] was still brandishing the gun" and, "[i]nstead of leaving then and there, he continued to participate" (internal quotation marks omitted)). Here, the jury could permissibly infer that Meeker had the requisite advance knowledge and intent at the time of the carjacking from the facts and circumstances of the carjacking and Meeker's "failure to object or withdraw." *Rosemond*, 572 U.S. at 78 n.9.

6

\*     \*     \*

We have considered Defendant-Appellant's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court