# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2024

Lyle W. Cayce
Clerk

No. 23-30272

—————————

Unitred States of America,

*Plaintiff—Appellee*,

*versus*

Keon Esteen,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-159-1

_____

Before Jones, Smith, and Ho, *Circuit Judges*.

Per Curiam:[*]

Defendant Keon Esteen pleaded guilty to, and was convicted of, carjacking (count 1) and brandishing a firearm during the commission of the carjacking (count 2).  On appeal, Esteen contends that the district court relied on an insufficient factual basis to accept his guilty plea.

For the reasons discussed below, we affirm.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

**I.**

In April 2021, a stolen Subaru approached a truck at an auto parts store. Esteen exited from the Subaru's passenger seat and sat in the truck's driver's seat. The truck's owner confronted Esteen and asked him to exit his vehicle. At this moment, the driver of the Subaru leaned out of the vehicle, revealed a firearm, and stated: "if you wanna live give us the car." The truck owner stepped away, and the driver and Esteen left the scene with the Subaru and the truck, respectively.

The following day, the police found the stolen truck, unoccupied. Soon thereafter, the police located the Subaru and attempted a traffic stop, but the Subaru fled. The police eventually located the Subaru abandoned. In its search of the Subaru, the police discovered that the Subaru's Bluetooth system was synced to a phone tied to Esteen's mother. They also found a box of ammunition in the car.

After his arrest, Esteen confessed that he participated in the carjacking and that he was in the stolen Subaru when it fled from the police. But Esteen stated that he did not possess a firearm at the time of the carjacking, and he refused to identify his co-perpetrator.

The grand jury charged Esteen with carjacking under 18 U.S.C. § 2119(1) and 18 U.S.C. § 2 and with brandishing a firearm during the carjacking under 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. Esteen agreed to the factual basis of the charged offenses several times and pleaded guilty to both counts without a plea agreement.

The presentence report calculated the guidelines range for count one as 37–46 months of imprisonment and the mandatory minimum sentence for count two as 84 months of imprisonment, to be served consecutively to count one. While Esteen did not file objections to the PSR, he did file a sentencing memorandum requesting leniency and for a shorter term of imprisonment for

count one. Esteen also alleged that the written factual basis did not sufficiently establish that he personally possessed, used, or brandished a firearm during the carjacking, nor did it establish beyond a reasonable doubt that he knew that his co-perpetrator was armed and would use a firearm during the carjacking. For this reason, Esteen argued that he was entitled to the five-year mandatory minimum sentence for possession of a firearm in furtherance of a crime of violence, rather than the seven-year minimum sentence for brandishing a firearm in furtherance of a crime of violence.

At the sentencing hearing, the district court adopted the PSR. The court considered, but rejected, the arguments made in Esteen's sentencing memorandum. Ultimately, the district court sentenced Esteen to 46 months of imprisonment for count one and 84 months of imprisonment for count two, for a total term of 130 months of imprisonment. Esteen timely appealed.

## II.

The primary question before us is whether the district court erred in accepting Esteen's guilty plea as to both counts. Esteen argues that the district court did err, because the factual basis was insufficient to support the plea.

"A district court cannot enter a judgment of conviction based on a guilty plea unless it is satisfied that there is a factual basis for the plea." *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008) (citing Fed. R. Crim. P. 11(b)(3)). A district court must compare "(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information." *Id.* at 474–75 (quoting *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc)).

Absent a defendant's objection to the factual basis of the guilty plea in the district court, we review for plain error. *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). On plain error review, a defendant must show that:

"(1) there is an error; (2) the error is clear and obvious; and (3) the error affects his substantial rights." *Marek*, 238 F.3d at 315. And if these elements are established, we may correct the error only if (4) "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

"To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Though "the objection and argument on appeal need not be identical," it must "give the district court the opportunity to address the gravamen of the argument presented on appeal." *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017) (cleaned up).

## A.

First, we consider the sufficiency of the factual basis for accepting Esteen's guilty plea as to count one, carjacking. Esteen argues on appeal that the factual basis does not adequately establish that he had the requisite intent for carjacking. 18 U.S.C. § 2119(1) requires that the defendant possess an "intent to cause death or serious bodily harm." The indictment also charged Esteen with aiding and abetting.

This argument is being raised for the first time on appeal. While the government flagged that Esteen had not previously challenged the sufficiency of the factual basis for the plea before the district court, Esteen argues that the issue was preserved for both counts through his sentencing memorandum. But the memorandum does not make this argument as to count one, and instead only asks the district court for leniency. Therefore, we review for plain error.

Esteen's argument that the factual basis does not show that he possessed the requisite intent for carjacking is unavailing, as it is controverted

by several admissions he made during the litigation. *See United States v. Cooper*, 979 F.3d 1084, 1091 (5th Cir. 2020) ("[A]n admission during a plea colloquy can support a guilty plea."). For example, at the rearraignment hearing, Esteen admitted to guilt, even after the district court walked through all the elements, including the requisite intent, of the carjacking offense. Esteen also agreed to the written factual basis, which stated that he admitted to his role in aiding and abetting of the carjacking, as well as the brandishing of the firearm. In his sentencing memorandum, he reiterated that he admitted to, and took responsibility for, the carjacking. For this reason, the district court did not commit plain error in accepting Esteen's guilty plea with respect to count one.

## B.

For count two—brandishing a firearm during the carjacking—Esteen similarly argues that the factual basis is insufficient for the district court to have accepted his guilty plea. Specifically, Esteen contends that the factual basis does not show that he had knowledge that his co-perpetrator possessed a gun.

Here, we find that this issue was adequately preserved. The sentencing memorandum did "give the district court the opportunity to address the gravamen of the argument presented on appeal." *Nesmith*, 866 F.3d at 677. This is supported by the sentencing hearing transcript, which shows the court describing and addressing this argument in its discussion of the sentencing memorandum. We review the district court's acceptance of Esteen's guilty plea as to count two for clear error. *United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010) ("A district court's acceptance of a guilty plea is a factual finding which is generally reviewed under the clearly erroneous standard.").

Under § 924(c), it is a crime to brandish a firearm during or in relation to any crime of violence. Carjacking is a crime of violence. *United States v. Frye*, 489 F.3d 201, 208–09 (5th Cir. 2007). Because Esteen did not personally possess or use a firearm during the carjacking, Esteen was only convicted of brandishing a firearm on an aiding and abetting theory. A defendant is liable for federal aiding and abetting if he: "(1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014); 18 U.S.C. § 2. We find that the factual basis establishes both elements.

First, we conclude that Esteen's involvement in the carjacking satisfies the affirmative act requirement. While Esteen did not use the firearm, aiding and abetting law does not require proof that a defendant "participated in each and every element of the offense." *Rosemond*, 572 U.S. at 73 (quoting *United States v. Sigalow*, 812 F.2d 783, 785 (2nd Cir. 1987)). By participating in the violent crime part of the offense—here, the carjacking—Esteen facilitated one component of the § 924(c) offense. *See id.* at 74–75 (noting that the completion of either the firearm use part or the violent crime part is sufficient to satisfy the affirmative act requirement for aiding and abetting).

Second, as for the requisite intent component, the Supreme Court clarified in *Rosemond* that an accomplice must have knowledge of a firearm "at a time the accomplice can do something with it—most notably, opt to walk away." *Id.* at 78. "[W]hen an accomplice knows nothing of a gun until it appears at the scene . . . he may at that late point have no realistic opportunity to quit the crime. And when that is so, the defendant has not shown the requisite intent to assist a crime involving a gun." *Id.* But "of course, if a defendant continues to participate in a crime after a gun was

displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge." *Id.* at 78 n.9.

Here, the factual basis does not show that Esteen was shocked by his co-perpetrator's use of the gun, nor does it show that Esteen took any action to withdraw from the scheme, despite having the opportunity to do so. *See United States v. Jordan*, 945 F.3d 245, 262 (5th Cir. 2019) (defendant is guilty as an aider or abettor of a § 924(c) offense if he had an opportunity to alter plans to avoid firearm use or to withdraw from the plans altogether). In fact, the record reflects the opposite. The factual resume states that Esteen followed the co-conspirator out of the auto shop after the carjacking, and that Esteen continued to participate as he fled from the police the next day at the attempted traffic stop.

Furthermore, while Esteen now denies that he had knowledge of his co-perpetrator's weapon prior to the carjacking, the government points to Esteen's contrary sworn statements. At the rearraignment hearing, he admitted that he "aided and abetted [his] co-perpetrator" and "knew in advance that [his] co-perpetrator would be armed." Therefore, we find that the district court did not clearly err by accepting Esteen's guilty plea.

## C.

Esteen also raises two additional arguments on appeal—that his trial counsel rendered ineffective assistance, and that the cumulative effects of the district court's errors warrant intervention. We need not address either argument. The first argument has not been raised before the district court and is raised for the first time on appeal, so it is forfeited. *Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021). The second is meritless, given our determination that the district court did not commit these alleged errors.

Accordingly, we affirm the district court.